UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-7218 FMO (AJWx) | Date | October 13, 2016 |
|---|---|---|---|
| Title | Sandra Levy v. Shay Priove, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Personal Jurisdiction and Venue

On September 26, 2016, plaintiff Sandra Levy ("plaintiff") filed a Complaint against defendants Shay Priove and Eliran Damri ("defendants") alleging state-law claims, (see Dkt. 1, Complaint at ¶¶ 18-39), including a claim under Florida law. (See id. at ¶¶ 37-39). Plaintiff alleges that the court has diversity jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000. (See id. at ¶ 11). More specifically, plaintiff alleges she resides in California (see id. at ¶ 1) and that defendants reside in Florida. (Id. at ¶¶ 2, 11). Moreover, she alleges that none of the defendants "are citizens or residents of the State of California at any time herein relevant and material." (Id. at ¶ 4). Plaintiff makes no allegations regarding venue. (See, generally, id.).

A defendant may be subject to either general or specific personal jurisdiction. See Daimler AG v. Bauman, 134 S.Ct. 746, 754 (2014). General jurisdiction applies when a defendant's contacts with the forum state are "so continuous and systematic as to render it essentially at home" there. Id. at 761 (quotation and alteration marks omitted). Specific jurisdiction applies when the cause of action "is related to or 'arises out of' a defendant's contacts with the forum" state. Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414 (1984). Specific jurisdiction does not apply unless a defendant commits an act by which it "purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The defendant must have sufficient "minimum contacts" with the forum state "such that he should reasonably anticipate being haled into court there." World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 291 & 297 (1980). The court's analysis "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there." Walden v. Fiore, 134 S.Ct. 1115, 1122 (2014). "[T]he plaintiff cannot be the only link between the defendant and the forum." Id.

Plaintiff makes no allegations suggesting the court has personal jurisdiction over defendants. (See, generally, Dkt. 1, Complaint). Nor does plaintiff allege any facts showing that the events giving rise to this litigation occurred in this District. (See, generally, id.).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 16-7218 FMO (AJWx)** | Date | **October 13, 2016** |
|---|---|---|---|
| Title | **Sandra Levy v. Shay Priove, et al.** | | |

    Accordingly, IT IS ORDERED that no later than **October 20, 2016**, plaintiff shall show cause in writing why this action should not be dismissed for lack of personal jurisdiction or transferred for lack of proper venue. **Failure to respond to this order to show cause by the deadline set forth above shall be deemed as consent to either: (1) the dismissal of the action without prejudice for lack of personal jurisdiction and/or failure to comply with a court order,** see Fed. R. Civ. P. 41(b); Link v. Wabash R. Co., **370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962); or (2) transfer of the instant action to the appropriate venue**.

                                          Initials of Preparer      vdr